```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

---

JEFFREY McNEIL and ALISSA McNEIL,

                        **Plaintiffs,**

vs.                                        6:18-cv-0631
                                                (MAD/TWD)

HCDSS and SARAH RIENTE,

                        **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**JEFFERY McNEIL**
239 William Street
Upstairs Apartment
Herkimer, New York 13350
Plaintiff *Pro Se*

**ALISSA McNEIL**
239 William Street
Upstairs Apartment
Herkimer, New York 13350
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiffs Jeffrey McNeil and Alissa McNeil commenced this action *pro se* on May 31, 2018 against Herkimer County Department of Social Services ("HCDDS") and Sarah Riente, a HCDSS case worker, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Additionally, Plaintiffs requested to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

    On August 17, 2018, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation granting Plaintiffs' IFP application for purposes of filing and recommending that the Complaint be *sua sponte* dismissed without prejudice and without leave to

amend. *See* Dkt. No. 12. Plaintiffs did not file any objections to the Order and Report-Recommendation.

## II. DISCUSSION

**A.    Lack of Objections**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

2

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiffs adequate notice that they were required to file any objections to the Order and Report-Recommendation, and specifically informed Plaintiffs that failure to object to any portion of the report would preclude their right to appellate review. *See* Dkt. No. 12 at 19. Specifically, Magistrate Judge Dancks informed Plaintiffs that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a)." *See id.* Magistrate Judge Dancks clearly provided Plaintiffs with sufficient notice of the consequences of failing to object to the Order and Report-Recommendation.

**B.    Analysis of the Order and Report-Recommendation**

The Court agrees with the Magistrate Judge Dancks' recommendation to dismiss the Complaint. To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true

3

and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Plaintiffs allege vague claims about due process violations, the First and Fourth Amendments, discrimination, verbal threats, and criminal law offenses. *See* Dkt. No. 1 at ¶ 5; Dkt No. 1-1 at § VI. Even under a very liberal reading of the Complaint, the Complaint does not actually describe any conduct that has violated Plaintiffs' rights. *See* Dkt. No. 12 at 11. Simply put, Plaintiffs have failed to adequately allege any facts that may support their legal claims.

### *1. Injunctive Relief*

Magistrate Judge Dancks recommended that the Court abstain from exercising subject matter jurisdiction over Plaintiffs' requests for "pre injunctive relief" per the *Younger* abstention doctrine. *See* Dkt. No. 1 at ¶ 5; Dkt. No. 12 at 7. Since this case clearly implicates the state's interest in a Family Court proceeding, the Court agrees that *Younger* abstention is appropriate. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (applying *Younger* abstention where state-initiated custody proceedings are pending).

### *2. Section 1983 Claims*

Plaintiffs have made several claims under 42 U.S.C. § 1983, which Congress established as "a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and law' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995). This Court finds no error with Order and Report-Recommendation's analysis of each of these claims.

First, the Court agrees that Plaintiffs have not adequately pleaded a due process violation. Plaintiffs vaguely allege that Defendants have "infringed upon" their "fundamental liberty interest in the care, custody and control [of their] children . . . without due processing [sic]." *See* Dkt. No. 1 at ¶ 6. However, they "have not alleged that Defendants interrupted their parental custody in any way whatsoever," so their procedural and substantive due process claims must fail. *See* Dkt. No. 12 at 10-13; *see also Brennan v. Cty. of Broome*, No. 09-cv-677, 2011 WL 2174503,*8-9 (N.D.N.Y. June 2, 2011) (holding that there is no procedural violation where the state did not remove the child from his parent's custody); *Oglesby v. Eikszta*, 499 Fed. Appx. 57, 60-61 (2d Cir. 2012) (holding that there is no substantive due process violation where the parents never lost custody).

Second, the Court agrees with Magistrate Judge Dancks that the Complaint does not allege a violation of Plaintiffs' First Amendment rights, despite a reference to the First Amendment on the civil cover sheet. *See* Dkt. No. 12 at 13.

Additionally, Plaintiffs' Fourth Amendment claim fails because "[a] Fourth Amendment child-seizure claim belongs only to the child, not to the parent . . . " *Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012) (citation omitted). Plaintiffs may not make this claim on behalf of their child. *See e.g.*, *Armatas v. Maroulleti*, 484 Fed. Appx. 576, 577–78 (2d Cir. 2012) (holding that a non-attorney plaintiff proceeding *pro se* may not represent the interests of a minor child); *see also* Dkt. No. 12 at 14 n.6. Furthermore, no "seizure" of the child has been alleged. *See id.* at 14. Plaintiffs' general allegations that "the worker is discriminating against me and my family," "going against the (HiPPA Law[1]) releasing information," and "made bias action because

---

[1] We assume, as did Magistrate Judge Dancks, that Plaintiffs are referring to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6.

5

of my race" are merely conclusory statements that do not amount to actionable discrimination. *See* Dkt. No. 12 at 14. Likewise, Plaintiffs' vague allegation that Defendants "threatened us" is not actionable under § 1983. *See id.* at 15.

To the extent the Complaint alleges two criminal offenses, the Court agrees with the Order and Report-Recommendation that there is absolutely no private right of action to enforce either state or federal criminal statutes. *See id.* at 15-16.

Finally, since the Complaint fails to suggest any sort of custom, policy, or practice of HCDSS or Herkimer County contributing to a constitutional violation, the Court agrees with the Order and Report-Recommendation that the claims against the municipality must be dismissed. *See id.* at 16-17.

### D. No Opportunity to Amend

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Furthermore, "[w]here granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

Here, better pleading will not cure Plaintiffs' claims. Therefore, the Court agrees with Magistrate Judge Dancks' recommendation to dismiss the Complaint without leave to amend.

### III. CONCLUSION

6

Upon a review of the Order and Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' August 17, 2018 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiffs' Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor without further order of this Court and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge